IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JANE DOE, ALIAS<br><br>*Plaintiff*,<br><br>v.<br><br>JOHN DOES 1-32<br><br>*Defendants*. | Civil Action No.: |

### PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM

Pursuant to LR Gen. 102(d), Plaintiff respectfully requests that this Honorable Court grant her leave to proceed in this lawsuit under the pseudonym "Jane Doe" consistent with the privacy protections afforded by 15 U.S.C. §6851(b)(3)(B). This Motion is supported by the Affidavit of Attorney Daniel A. Powell attached as Exhibit A. A Proposed Order for this Court's consideration is attached as Exhibit B.

Plaintiff is a young woman who is the victim of malicious and ongoing nonconsensual intimate image sharing, commonly referred to as "revenge pornography." The use of a pseudonym is necessary to protect the privacy, mental health, and well-being of Plaintiff. This requested safeguard is also necessary to prevent a chilling effect on Plaintiff's desire, as well as that of others similarly situated, to seek relief and redress for the egregious and exploitative conduct which has given rise to Plaintiff's claims. Under the circumstances alleged in her Complaint, Plaintiff's specific and statutorily recognized interest in concealing her identity substantially outweighs the public's general interest in knowing the names of litigants. Granting the relief requested also does not result in any prejudice to Defendants, John Does 1-32 (the "Doe Defendants"), whose own

identities have yet to be discovered and raise any such issue if, and when, joined in this lawsuit through an amended pleading or otherwise.

While pleadings are generally required to include the names of all parties, "the use of pseudonyms may be warranted in 'exceptional cases.'" *Doe v. Mills*, 39 F.4th 20 (1st Cir. 2022). The First Circuit has recognized four general categories of exceptions to the general rule in circumstances when:

> (1) "A would-be Doe who reasonably fears that coming out of the shadows will cause him unusually severe harm (either physical or psychological)";
>
> (2) "Identifying the would-be Doe would harm "innocent non-parties"";
>
> (3) "anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated"; and
>
> (4) cases involving "suits that are bound up with a prior proceeding made confidential by law."

See *Doe v. Mass. Inst. Of Tech.*, 46 F.4th 61 (1st Cir. Court 2022). The federal revenge pornography statute specifically contemplates that the nonconsensual disclosure of private intimate images would be one of these exceptional cases where a plaintiff would have the right to proceed pseudonymously. See 15 U.S.C. §6851(b)(3)(B).

The Plaintiff in this case has reasonable fears that revealing her identity on the court docket as the victim of revenge pornography, thereby publicizing to the world in a permanently available public record that naked images of her exist and have been published on the Internet, will cause her unusually severe psychological harm and otherwise adversely affect her well-being. Furthermore, not allowing Plaintiff to maintain her anonymity would have a chilling effect on

similarly situated future litigants who desire to seek the relief and remedies provided by the federal statute intended to safeguard victims of non-consensual intimate image sharing.

This case obviously involves matters that are highly sensitive and intimate in nature. Plaintiff's privacy has not simply been intruded; it has been grotesquely violated. Plaintiff's most private and intimate images that were always intended to remain strictly private have been distributed and published without her consent on the Internet. Understandably, Plaintiff has a reasonable fear that creating a permanent public record of her victimhood will only exacerbate the severe psychological and emotional harm caused by Defendants' intentional and reckless disregard of her right to privacy.

As just one consequence of Defendants' actions, whenever Plaintiff's images and personal information are re-posted to a new website or new forum, perverted strangers contact Plaintiff to request that she perform sexual acts. Plaintiff therefore seeks anonymity in this action to safeguard her privacy from further social ridicule and sexual harassment, and such protection is necessary to mitigate her damages. Indeed, this Motion seeks to reduce the risk of possible injury well beyond mere embarrassment or harm to reputation.

Forcing Plaintiff to exasperate the injury Defendant intentionally caused in order to seek relief and redress through the courts would not serve the interests of justice or further the public policy determined by the legislature. A clear deterrent would be felt by the similarly harmed individuals too fearful and mortified to come forward with their own claims. The First Circuit Court contemplates that "[a] deterrence concern typically arises in cases involving 'intimate issues such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors.' In *re Sealed Case*, 971 F.3d at 327… and those in which 'the injury litigated again would be incurred as a result of the disclosure of the [party's] identity,' *Frank*, 951 F.2d at

3

324." *Doe v. Mass. Inst. Of Tech.,* 46 F.4th 61 (1st Cir. Court 2022). Due to the extremely private and sensitive nature of the content at issue in this present case, Plaintiff would not bring this lawsuit if she were unable to maintain her anonymity on the public docket.

Moreover, granting the relief requested will not result in any prejudice to the opposing party because the Defendants have yet to be identified and, once identified and named, may object to and request the Court to reconsider the designation. Regardless, unless the Doe Defendants are regularly engaging in the unlawful act of revenge pornography multiple times each day, the details set forth in the Complaint – including publication websites and dates – sufficiently puts the culpable parties on notice of not just the claims asserted but also the actual identities of all real parties in interest. Regardless, the Doe Defendants should already know Plaintiff's true identity as many of the albums published contain her name and contact information.

The public interest is not harmed by permitting Plaintiff to proceed under the pseudonym Jane Doe. In fact, the public interest is well served and furthered by providing an avenue for pseudonymous litigation in cases of nonconsensual intimate image sharing and revenge pornography. Given the seriousness and the reprehensibility of the conduct and harm at issue, the public has an interest in punishing and deterring such behavior but is unable to do so if these injustices are not brought to its attention due to the chilling effect that results from the lack of an effective and viable path to substantial justice through the judicial system. Forcing Plaintiff to exasperate the injury Defendants intentionally caused in order to seek relief and redress through the courts would not serve the interests of justice. The only resulting deterrent would be felt by the similarly harmed individuals too fearful and mortified to come forward with their own claims.

In addition to the leave requested, and to fully effectuate any form of such relief this Court grants, Plaintiff further requests a protective order prohibiting Defendants from submitting

4

filings/documents containing Plaintiff's true name and from publicizing the lawsuit with reference to Plaintiff's true name unless and until such designation is lifted.

**WHEREFORE**, PREMISES CONSIDERED, Plaintiff JANE DOE prays that this Court GRANT her motion proceed in this action under the "Jane Doe" pseudonym and a protective order prohibiting Defendants from submitting filings/documents containing Plaintiff's true name and from publicizing the lawsuit with reference to Plaintiff's true name unless and until such designation is lifted.

Dated: February 10, 2025

Respectfully submitted,

/s/ *Stephen M. Prignano*
Stephen M. Prignano (3649)
**MCINTYRE TATE LLP**
50 Park Row West Suite 109
Providence, RI 02903
(401) 351-7700
SPrignano@McIntyreTate.com

Daniel A. Powell, Esquire (*pro hac vice* forthcoming)
Sarah Kolick, Esquire (*pro hac vice* forthcoming)
**MINC LLC**
200 Park Avenue, Suite 200
Orange Village, OH 44122
(216) 373-7706
DPowell@minclaw.com
SKolick@minclaw.com

*Counsel for Plaintiff*

5