IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JANE DOE, ALIAS<br><br>*Plaintiff*,<br><br>v.<br><br>JOHN DOES 1-32<br><br>*Defendants*. | Civil Action No.:1:25-cv-00053<br><br>**EXPEDITED RELIEF REQUESTED PURSUANT TO LOCAL RULE 9** |

**PLAINTIFF'S MOTION TO STRIKE COMPLAINT AND SEAL CASE OR, IN THE ALTENRATIVE, FILE REDACTED COMPLAINT IN ANTICIPATION OF DISMISSAL**

Following careful consideration and deliberation, Plaintiff Jane Doe ("Plaintiff") intends to voluntarily dismiss the above captioned lawsuit. This incredibly difficult decision is made for several reasons which include fears for the safeguarding of her anonymity and the potential for retribution by the websites which facilitate – and even encourage – the sharing of revenge pornography and retaliation by the online users who have already offensively invaded Plaintiff's privacy. In anticipation of this dismissal, Plaintiff respectfully requests that pursuant to RI LR Gen 102(b)(1), or otherwise pursuant to this Court's exercise of its discretionary powers, to strike the filing of her original complaint and seal the records of the case from the public docket. See *In re Gitto Glob. Corp.*, 422 F.3d 1, 6 (1st Cir. 2005) (holding the right of access to public judicial records is not absolute):

> As the Supreme Court has recognized, '[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.' *Nixon,* 435 U.S. at 598, 98 S.Ct. 1306. Courts have exercised their discretion under the common law to abrogate the right of public access where doing so was

    necessary to prevent judicial records from being " 'used to gratify private spite or promote public scandal[,]' " *id.* (quoting *In re Caswell,* 18 R.I. 835, 29 A. 259 (1893))
    See also *Corevello v. New England Gas Co.*, No. C.A. 05-221T, 2008 WL 5245331, at *6 (D.R.I. Dec. 16. 2008) ("It is true that there are exceptions to the general rule that permit documents to be sealed where there is a compelling reason for doing so.")

In the alternative, Plaintiff requests that her original complaint be replaced on the publicly accessible docket with the redacted complaint attached hereto as Exhibit A.

Given the fact that the complaint was just filed, no service of the Complaint has been perfected or even attempted, no defendant is specifically identified, and no relief on the merits has been granted, this Court would be well within its discretion to strike the complaint and seal the record of this case so that it is no longer publicly available on the Court's docket. A dismissal under such circumstances would have the operative effect of the lawsuit never being commenced, and the requested relief is warranted under the truly exceptional circumstances this case presents.

As set out and established in Plaintiff's previously filed motion for leave to proceed under a pseudonym, Plaintiff is in an extremely fragile emotional state. Her mental health is suffering. See *Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 533 (1st Cir. 1993) ("[w]hile in some cases 'compelling reasons' [to justify the non-disclosure of judicial records] might be apparent from the record…") Although her complaint was filed without her name and leave was requested to proceed under a pseudonym as allowed by statute, the websites, the Doe Defendants, and the offending content were identified in the Complaint with some reasonable specificity as required by the pleading requirements applicable to federal court proceedings. It is that specificity, which Plaintiff reasonably views as a potential threat to her anonymity should any of the websites or the Doe Defendants locate the docket and view the filings, which is redacted in the attached complaint.

      Plaintiff urges the Court to empathize with her understandable fears and utilize its wide discretion to alleviate the extreme distress which she is now experiencing. No unfair prejudice will result to any third party by granting the relief requested, and the interests of justice will be well served.

      For all of the foregoing reasons, Plaintiff respectfully request that the relief sought herein be granted.

Dated: February 12, 2025

Respectfully submitted,

/s/ *Stephen M. Prignano*
Stephen M. Prignano (3649)
**MCINTYRE TATE LLP**
50 Park Row West Suite 109
Providence, RI 02903
(401) 351-7700
SPrignano@McIntyreTate.com

*/s/ Daniel A. Powell*
Daniel A. Powell (OH Bar 80241)
Admitted Pro Hac Vice
**MINC LLC**
200 Park Avenue, Suite 200
Orange Village, OH 44122
(216) 373-7706
DPowell@Minclaw.com

*Counsel for Plaintiff*